MORRIS EUROPEAN & AMERICAN EXPRESS CO. v. UNITED STATES.

(Circuit Court, S. D. New York. December 13, 1906.)

No. 4,141.

CUSTOMS DUTIES—CLASSIFICATION—SLABS OF MOTHER-OF-PEARL—"MANUFAC-
TURES."

Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 450, 30 Stat. 193
[U. S. Comp. St. 1901, p. 1678], covering "manufactures" of mother-of-
pearl, *held* to include mother-of-pearl made into slabs by cutting or grind-
ing, which are designed for use in the manufacture of knife handles and
similar articles.

On Application for Review of a Decision of the Board of United
States General Appraisers.

For decision below, see G. A. 6,176 (T. D. 26,799), relating to im-
portations at the port of New York.

The material in question was classified under the provision in Tariff Act
July 24, 1897, c. 11, § 1, Schedule N, par. 450, 30 Stat. 193 [U. S. Comp. St.
1901, p. 1678], for "manufactures" of mother-of-pearl. The character of the
merchandise and the Board's findings thereon appear from the following ex-
cerpt from the Board's opinion:

"SHARRETTS, General Appraiser. These protests relate to mother-of-pearl
made into slabs by cutting or grinding, designed for use in the manufacture
of handles for knives, button hooks, and similar articles. * * * The repre-
sentative of the importers testified that the merchandise had been subjected
to the process of grinding for the purpose of removing the superfluous mate-
rial that had no merchantable value, after which it was further cut and ground
to bring it to the condition in which imported. These processes of manufac-
ture have enhanced the value of the mother-of-pearl, uncut, from which the
slabs have been formed; the latter having a new name and a specific purpose
of use."

On the authority of a former decision (G. A. 1,473; T. D. 12,922), which
was affirmed in Re Russell Cutlery Co. (C. C.) 56 Fed. 221, the Board held
that the articles were "manufactures" of mother-of-pearl and had been prop-
erly classified as such. The importers' contention, as stated in their applica-
tion for review of the Board's decision, was that the slabs in question should
have been held dutiable under section 6 of said act (30 Stat. 205 [U. S. Comp.
St. 1901, p. 1693]), either as unenumerated unmanufactured articles or as un-
enumerated articles partially manufactured.

Percy W. Crane, for importers.
D. Frank Lloyd, Asst. U. S. Atty.

HAZEL, District Judge. Decision affirmed.